ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **EIGHTH JUDICIAL CIRCUIT** |
| **COUNTY OF GREENWOOD** ) | **CIVIL ACTION NO.: 2022-CP-24-_____** |
| ) | |
| ) | |
| **Myra Rhodes,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| **Bi-Lo, LLC, d/b/a Bi-Lo, and Cole BL** ) | |
| **Greenwood, SC, LLC, d/b/a Cole Real** ) | |
| **Estate Investments, LLC,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**TO THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his offices, 109 West Court Avenue, P.O. Box 457, Greenwood, South Carolina, within thirty (30) days after the service hereof, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                 **NICHOLSON, MEREDITH & ANDERSON, LLC**

                                                 *s/W.H. Nicholson, III*
                                                 W.H. Nicholson, III
                                                 Haylea N. Carter
                                                 Attorneys for Plaintiff
                                                 109 W. Court Ave.
                                                 P. O. Box 457
                                                 Greenwood, SC 29648
                                                 (864) 229-7241

April 21, 2022
Greenwood, South Carolina

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **EIGHTH JUDICIAL CIRCUIT** |
| **COUNTY OF GREENWOOD** ) | **CIVIL ACTION NO.: 2022-CP-24-_____** |
| ) | |
| ) | |
| **Myra Rhodes,** ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | **Jury Trial Demanded** |
| ) | |
| **Bi-Lo, LLC, d/b/a Bi-Lo, and Cole BL** ) | |
| **Greenwood, SC, LLC, d/b/a Cole Real** ) | |
| **Estate Investments, LLC,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, complaining of Defendants herein, would allege and show to the Court that:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of the County of Greenwood, State of South Carolina.

2. Upon information and belief, Defendant Bi-Lo, LLC (hereafter "Bi-Lo") was the franchisor, franchisee and/or lessee of a property and business operating at 2010 Montague Avenue Extension in the County of Greenwood, State of South Carolina.

3. Upon information and belief, this location operated as Bi-Lo grocery store #5553 from 1998 until March 2021.

4. Upon information and belief, the owner and/or lessor of this property is Cole BL Greenwood, SC, LLC, doing business as Cole Real Estate Investments, LLC, (hereafter "Cole") which purchased the property on May 3, 2011.

5. Upon information and belief, Defendant Bi-Lo is a foreign limited liability company incorporated in Delaware, duly authorized to transact business in the State of South Carolina.

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

6. Upon information and belief, Defendant Cole BL Greenwood, SC, LLC was a foreign limited liability company incorporated in Delaware, which has merged to create the domestic limited liability company Cole Real Estate Investments, LLC, which is duly authorized to transact business in the State of South Carolina.

7. This Court has jurisdiction of the parties hereto and the subject matter of this action.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

9. That on or about September 13, 2019, at approximately 4:45 PM, Plaintiff was an invited guest on property owned by Defendant Cole and leased/operated by Defendant Bi-Lo. Plaintiff had purchased her groceries and was pushing her shopping cart towards the exit when she came into contact with worn and/or damaged carpet, creating a hazard, causing her to slip and/or trip, and fall to the floor.

10. That as the Plaintiff fell, her shopping cart flipped over on top of her. The Plaintiff suffered injuries to her right hip, and buttocks, as well as bruising to her hip and back and lacerations to both of her elbows.

11. That the worn and damaged carpet was a dangerous condition.

12. That the Defendants should have known about the dangerous condition.

13. That it was foreseeable that this dangerous condition could cause injury to customers.

14. That the Defendants never took any actions to eliminated this dangerous condition.

15. That the Defendants never warned the Plaintiff about this dangerous condition.

16. Following the incident, Plaintiff presented to AFC Urgent Care for treatment.

17. Following Plaintiff's urgent care visit, she continued treatment with Self Regional Healthcare, Self Pain Management Center, Internal Medicine of Greenwood, and

Steadman Hawkins Clinic of the Carolinas. The Plaintiff continues treatment and has been told she will need surgery.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability)

18. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

19. That at all times material hereto, the Defendants maintained and controlled the aforementioned property.

20. That Plaintiff was an invitee, and was present at Defendants' business for the mutual benefit of both parties.

21. That Defendants owed Plaintiff the duty of exercising reasonable care for her safety.

22. That at all times material hereto, the Defendants owed a duty of utmost care to discover any risk or danger to invitees on the premises, including Plaintiff, and to either take precautions to eliminate those risk or warn invitees of the premises of any unsafe condition which may cause bodily injury.

23. That Defendants had actual or constructive notice of the dangerous condition in that it was either created by Defendants' employees, was observed by Defendants' employees or agents, or had existed for such a length of time that Defendants should have known about it.

24. That it was reasonably foreseeable to Defendants that worn and damaged carpet posed a slip and/or trip risk to Plaintiff and others similarly situated.

25. That Defendants knew or should have known the nature and condition of the carpeting and failed to remedy these dangerous conditions or warn Plaintiff of them.

26. That Defendants' breach of the duties owed to Plaintiff was the actual and proximate cause of her injuries.

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

27. That Plaintiff's injuries were foreseeable to Defendants in that they were the natural and probable consequence of Defendants' breach of the duties owed to her.

28. As a direct and proximate cause of the aforesaid breaches of duty, Plaintiff suffered great physical harm and injury, which caused Plaintiff to undergo much physical pain, suffering, and emotional distress. Has caused, and will in the future cause, Plaintiff to have to spend money for medical services and pharmaceutical costs, as well as lost wages, has impaired Plaintiff's enjoyment of life, and has caused Plaintiff permanent impairment to her body.

29. Plaintiff is informed and believes that Defendants are liable for actual and punitive damages in an appropriate amount as a result of this premises liability claim.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence and Gross Negligence)**

30. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

31. Defendants owed Plaintiff a duty of reasonable care to act as reasonable and ordinary grocery store owner/operator would under the same or similar circumstances.

32. Defendants owed Plaintiff a duty to provide an environment free form dangerous conditions in compliance with state statutes and regulations, law, industry standards, and Defendants own polices and procedures.

33. The Defendants were negligent, grossly negligent, careless, reckless, willful and wanton in at least one or more, or all of the following particulars, for which negligent acts Defendants are liable:

    a)  In failing to keep the premises in a reasonably safe condition, including but not limited to, adequately marking slip hazards and replacing worn or damaged carpeting;

    b)  In failing to provide a safe area for ingress and egress to business invitees;

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

      c)      In failing to provide an adequate warning of hazards on the floor;

      d)      In failing to inspect the premises in order to ascertain the safety of the area;

      e)      Upon discovery of an unsafe condition, in failing to remedy it and/or in failing to correct or warn individuals of the dangerous condition caused by its failure to remedy the condition;

      f)      In failing to maintain the premises in a reasonably safe condition for its customers, employees, and guests;

      g)      In failing to exercise due care;

      h)      and by otherwise, being negligent, grossly negligent, careless, reckless, willful and wanton.

34. As a direct and proximate cause of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and conduct of the Defendant as hereinabove more particularly set forth, Plaintiff suffered great physical harm and injury, which caused Plaintiff to undergo much physical pain, suffering, and emotional distress. Has caused, and will in the future cause, Plaintiff to have to spend money for medical services and pharmaceutical costs, as well as lost wages, has impaired Plaintiff's enjoyment of life, and has caused Plaintiff permanent impairment to her body.

35. The Plaintiff is informed and believes that because of the gross negligence and recklessness of the Defendant, as hereinabove enumerated, the Plaintiff is entitled to an award of actual and punitive damages in an appropriate amount.

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

**WHEREFORE**, Plaintiff prays the Court grant a jury trial, award judgment against the Defendant for actual and punitive damages in an amount to be determined by the trier of fact, and for such other and further relief as the Court deems just and proper.

**NICHOLSON MEREDITH & ANDERSON, LLC**

*s/ W.H. Nicholson, III*
W.H. Nicholson, III
Haylea N. Carter
Attorneys for Plaintiff
P. O. Box 457
Greenwood, SC  29648
864-229-7241

April 21, 2022
Greenwood, South Carolina

ELECTRONICALLY FILED - 2022 Apr 22 3:06 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373