ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENWOOD | ) | THE EIGHTH JUDICIAL CIRCUIT |
| | | |
| Myra Rhodes | ) | Civil Action No.: 2022CP2400373 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| Bi-Lo, LLC, d/b/a Bi-Lo, and Cole BL Greenwood, SC, LLC, d/b/a Cole Real Estate Investments, LLC | ) ) ) ) | **(Jury Trial Demanded)** |
| Defendant. | ) | |

**COMES NOW,** the Defendant, BI-LO, LLC, (hereinafter "Defendant"), by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

**FOR A FIRST DEFENSE**

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 1 and thereby denies the same.

3. As to Paragraph 2, Defendant admits that BI-LO, LLC once leased the property located at 2010 Montague Avenue Extension.

4. As to Paragraph 3, Defendant admits only that Store #5553 was operated until March 2021.

5. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 4 and thereby denies the same.

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

6. Defendant admits the allegations of Paragraph 5.

7. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraphs 6 through 8.

8. As to Paragraph 9, Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff was an invitee but denies that she came into contact with worn/damaged carpet or that this encounter caused her to trip and fall.

9. As to Paragraph 10, Defendant admits the shopping cart fell but lacks sufficient knowledge and information to form as belief as to the nature of Plaintiff's injuries.

10. Defendant denies the allegations of Paragraphs 11 through 13 as the existence of a dangerous condition is disputed.

11. As to Paragraph 14, Defendant admits that Defendant never took any action because the area was not a dangerous condition. The allegation that the area was a dangerous condition is denied.

12. As to Paragraph 15, Defendant admits that Plaintiff was not warned because there was nothing of which to warn. The allegations that the area was a dangerous condition is denied.

13. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraphs 16 through 18 and thereby denies the same.

14. As to Paragraph 19, Defendant lacks sufficient knowledge and information to form as belief as "property" is not defined, and a lease governs which area of the property is controlled by which defendant.

15. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraphs 20 and 21 and thereby denies the same.

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

16.     Paragraph 22 is denied as an inaccurate or incomplete statement of the law of premises liability in South Carolina.

17.     Defendant denies the allegations of Paragraphs 23 through 25 as there was no dangerous condition.

18.     Defendant denies the allegations of Paragraphs 26 through 29.

19.     Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraphs 30 through 32 and thereby denies the same.

20.     Defendant denies the allegations of Paragraphs 33 through 35.

21.     To the extent the WHEREFORE paragraphs contains allegations against this Defendant, those allegations are denied.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

22.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

23.     Defendant would show that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Comparative Negligence)**

24.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

25.     Defendant would show that such injuries or losses that Plaintiff sustained, if any, was due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the

negligence, if any, on the part of Defendant, to such a degree that Plaintiffs' recovery is barred by the doctrine of comparative and/or contributory negligence in South Carolina.

**FOR A FOURTH DEFENSE**
**(Intervening and Superseding Negligence)**

26.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

27.     Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, was not due to or caused by any negligence on the part of the Defendant, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which Defendant had no control.

**FOR A FIFTH DEFENSE**
**(Assumption of Known Risk)**

28.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

29.     Defendant would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

**FOR A SIXTH DEFENSE**
**(Unavoidable Accident)**

30.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

31.     Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

of these Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A SEVENTH DEFENSE
### (Spoliation)

32. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

33. Defendant would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR AN EIGHTH DEFENSE
### (Statute of Limitations)

34. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

35. The Defendant would show that this action is barred by the applicable Statute of Limitations.

## FOR A NINTH DEFENSE
### (Improper Venue)

36. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

37. Defendant pleads the defense of improper venue for forum *non conveniens* reasons or otherwise.

## FOR A TENTH DEFENSE
### (Punitive Damages)

38. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

39.     Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

40.     Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

41.     Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

42.     Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

43.     Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373

a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

44. Defendant plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

45. Defendant demand bifurcation of the actual and punitive damages phases of the trial.

### FOR AN ELEVENTH DEFENSE
**(Open and Obvious)**

46. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

47. Defendant would show that the condition which Plaintiff contends caused her injuries was open and obvious.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

{ *signature page to follow* }

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


s/<u>Ryan C. Holt</u>
Ryan C. Holt, SC Bar No. 78338
Adam M. Crain, SC Bar No. 104620
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT BI-LO, LLC**

Columbia, South Carolina

May 18, 2022

ELECTRONICALLY FILED - 2022 May 18 3:00 PM - GREENWOOD - COMMON PLEAS - CASE#2022CP2400373